UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KENNETH HENRY, ) | CASE NO. 5:16CV1189 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | Magistrate Judge George J. Limbert |
| v. ) | |
| ) | |
| MICHELLE MILLER, WARDEN, ) | INTERIM REPORT AND |
| ) | RECOMMENDATION OF |
| Respondent. ) | MAGISTRATE JUDGE |

On May 12, 2016, Petitioner Kenneth Henry("Petitioner"), *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1.  He seeks relief for alleged constitutional violations that occurred during his Summit County, Ohio Court of Common Pleas convictions for two counts of rape and one count of gross sexual imposition. ECF Dkt. #1 at 1.  On July 29, 2016, Respondent Michelle Miller, Warden of the Belmont Correctional Institution, in St. Clairsville, Ohio, filed a return of writ.  ECF Dkt. #9.

On August 8, 2016, Petitioner filed the instant motion to stay proceedings in the instant case so that he could return to the Ohio state courts and file an application to reopen his appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure in the Ninth District Court of Appeals.  ECF Dkt. #10.  He asserts that his appellate counsel failed to raise issues in his original appeal and he seeks to raise those issues in his Rule 26(B) application.  *Id*.  Petitioner further contends that he is actually innocent and he wishes to give the State of Ohio the opportunity to correct the travesty of justice that has occurred.  *Id.* at 1-2.

Respondent has filed no response to Petitioner's motion to stay proceedings.

Previously, district courts were required to dismiss federal habeas corpus petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In light of the AEDPA's establishment of a one-year statute of limitations, coupled with the mixed

1

petition dismissal rule previously established in *Rose*, the Supreme Court has recognized the ability of district courts to stay federal habeas corpus petitions in order to allow petitioners to pursue remedies for unexhausted claims in state court. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Without allowing district courts to stay mixed petitions, petitioners run the risk of forever losing their opportunity for federal review of their unexhausted claims. *Id.*

The Supreme Court also recognized that if employed too frequently, stay and abeyance of mixed federal habeas corpus petitions would undermine the AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Rhines*, 544 U.S. at 277. Frequent use of stay and abeyance would also decrease a petitioner's incentive to exhaust all of his state claims before filing his federal petition. *Id.*

For these reasons, the Supreme Court has emphasized that stay and abeyance should be available only in limited circumstances. In *Rhines*, the Court gives a three-part analysis to determine when granting a stay is appropriate: (1) The district court must determine that there is good cause for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims cannot be plainly meritless; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-278.

Applying this analysis to the instant case, the undersigned recommends that the Court DENY Petitioner's motion to stay his § 2254 proceedings. ECF Dkt. #10.  In order to show good cause, a petitioner must show why he failed to use available state remedies timely and appropriately.  *See Petkovic v. Clipper*, No. 1:14CV2292, 2015 WL 3948194, at *6 (N.D. Ohio June 26, 2015), citing *Hodge v. Haeberlin*, 579 F.3d 627 (6th Cir. 2009).  Petitioner offers in his motion to stay that his good cause is "...cause is so Mr. Henry can seek in Ohio Appellate Rule 26(B) application to reopen his appeal due to ineffective assistance of his Appellate Counsel's failure to raise issues in his original appeal, that he is seeking for this Court to review the merits of...)." ECF Dkt. #10.  This does not constitute cause or good cause as it is merely an explanation of what Petitioner plans on doing in the Ohio appellate court.  Further, Petitioner does not provide the Court with the assignments of error he contends that appellate counsel

failed to raise on his behalf that rendered counsel ineffective. Accordingly, Petitioner offers this Court no cause, much less good cause, for failing to file his Rule 26(B) application in the Ninth District Court of Appeals.

Moreover, Petitioner was sentenced on May 13, 2014. ECF Dkt. #9-1 at 13. Petitioner timely appealed the conviction and sentence through counsel and no mention was made of actual innocence in his appellate brief. ECF Dkt. #9-1 at 23-40. Similarly, in his pro se memorandum in support of jurisdiction to the Ohio Supreme Court, Petitioner did not raise the issue of ineffective assistance of appellate counsel or his actual innocence. ECF Dkt. #9-1 at 106-124.

Since Petitioner fails to present good cause for not filing his Rule 26(B) application, the undersigned recommends that the Court DENY his motion to stay his § 2254 proceedings[1]. ECF Dkt. #10.

Date: January 24, 2017                         /s/George J. Limbert
                                               GEORGE J. LIMBERT
                                               U.S. MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).

---

[1] This Order does not bar Petitioner from attempting to file his Rule 26(B) application in the Ohio appellate court while the instant case is pending disposition.