UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH HENRY,** | ) | **CASE NO.: 5:16CV1189** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **DAVID W. GRAY,**[1] **Warden,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Petitioner Kenneth Henry's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.  (Doc. 1).  For the foregoing reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation.  The Court **DISMISSES** Grounds One, Three and Five as non-cognizable issues of state law; **DISMISSES** Ground Four as procedurally defaulted; and **DENIES** Ground Two on its merits.

**FACTS**

The following is a synopsis of Petitioner's claims.  The Magistrate Judge's Report and Recommendation, adopted and incorporated herein, provides a more complete and detailed discussion of both the facts and procedural history of the matter.

---

[1] According to the Ohio Department of Rehabilitation and Correction website, David W. Gray is now the Warden of Belmont Correctional Institution.  *See* https://www.drc.ohio.gov/beci. Thus, the docket should reflect Warden David W. Gray as the Respondent in this case.

In November of 2013, a Summit County Ohio Grand Jury indicted Petitioner on two counts of Rape, in violation of R.C. § 2907.02(A)(1)(b) and one count of Gross Sexual Imposition ("GSI"), in violation of R.C. § 2907.05(A)(4).  On April 25, 2014, the Jury found Petitioner guilty of all three charges.  The trial court sentenced Petitioner to twenty-five years of imprisonment.

Petitioner appealed his conviction and sentence on June 6, 2014.  He asserted five assignments of error.  On December 9, 2015, the Ohio Ninth District affirmed the conviction and sentence.  *See Ohio v. Henry*, 2015 WL 8347848, 2015-Ohio-5095 (9th Dist. Dec. 9, 2015).  After a pro se appeal, the Ohio Supreme Court declined jurisdiction of Petitioner's appeal on April 20, 2016.

On May 12, 2016, Petitioner executed the instant Petition.  Petitioner asserts the following grounds for relief:

> **GROUND ONE:** The trial court erred to the prejudice of Petitioner when it allowed the hearsay statement of M.H. to be read into the record, in violation of the 5th, 6th and 14th Amend[s]. to the United States Constitution.
>
> **Supporting Facts:** [Petitioner] argues that the trial court erred when it allowed the State to admit the note in which M.H. (victim) described the alleged sexual assault.  The court determined that it was admissible under the excited utterance exception to the hearsay rule. [Petitioner] argues that too much time elapsed between when the alleged attack happened and when M.H. gave the note to her friend's mother for it to fall under that exception. [See attached page 1-2].
>
> **GROUND TWO:** Petitioner's conviction was based upon insufficient evidence to sustain conviction of rape.  The trial court erred by denying Petitioner's Crim. R. 29 motion. In violation of the 5th, 6th and 14th Amend[s]. to the United States Constitution. [See attached page 2-3].
>
> **Supporting Facts:** [Petitioner] argues that the State did not present sufficient evidence to convict him of rape.  In Ohio, whether a conviction

is supported by sufficient evidence is a question of law, which a Court reviews de novo. In making this determination, a court must view the evidence in the light most favorable to the prosecution[.]

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. [See attached page 2-3].

**GROUND THREE:** The trial court erred to the prejudice of Petitioner when it refused to give instructions on the lesser included offenses of Gross Sexual Imposition as Petitioner requested. In violation of the 5th, 6th, and 14th Amend[s]. to the United States Constitution.

**Supporting Facts:** [Petitioner] next argues that the jury should have been instructed that they could consider the lesser-included offense of gross sexual imposition for the rape charges. He argues that, since his DNA was not detected on the vaginal swab of the victim, but was detected in her underwear[,] the jury could have concluded that he did not penetrate her and, therefore, only engaged in sexual contact with the victim, not sexual intercourse.

In Ohio, when the evidence supports a lesser included offense, an instruction on the lesser offense is required. In this case, the State conceded that Gross Sexual Imposition (GSI) is a lesser included offense of rape, and Ohio law recognizes this fact. [See attached page 3][.]

**GROUND FOUR:** The trial court improperly increased [Petitioner's] sentence based on his refusal to accept a plea offer, increasing his sentence as punishment for exercising his constitutional right to a jury trial. In violation of 5th, 6th, and 14th Amend[s]. to the United States Constitution.

**Supporting Facts:** In Ohio, the right to trial contained in the *Sixth Amendment of the United States Constitution* and *Section 5, Article I of the Ohio Constitution* is a fundamental component of the American Judicial System and [p]lays a paramount role in the pursuit of justice. The trial court must refrain from appearing that exercising this right will affect a defendant's freedom. This idea is fundamental and paramount to American justice.

> In this case, Ninth District Court of Appeals Justice Carr, J., concurred in part, and dissented in part, stating in the opinion the following: [See attached page 4].[2]

(Doc. 1, PageID #: 5-9).

On May 24, 2016, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. On November 30, 2018, the Magistrate Judge issued his Report and Recommendation, in which he recommended that the Court dismiss in part and deny in part the Petition. On January 13, 2019,[3] Petitioner mailed his Objection to the Report and Recommendation. Respondent did not file a Response.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d) provides the writ shall not issue unless the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Further, a Federal court may grant habeas relief if the State court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the

---

[2] Petitioner also asserted a Ground Five in his Petition. However, Petitioner admits that he conceded this ground for relief before the state appellate court and does not object to the Magistrate Judge's recommendation. Therefore, the Magistrate Judge's recommendation is accepted and adopted in whole. Ground Five is dismissed because it is a non-cognizable issue of state law and Petitioner waived this argument.

[3] It appears that the Report and Recommendation was not immediately delivered to Petitioner. This Court instructed the Clerk to re-mail the Report and Recommendation on December 27, 2018.

State court decides a case differently than did the Supreme Court on a set of a materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that stated adjudication was "objectively unreasonable" and not merely erroneous or incorrect.  *Id.* at 409-11.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary.  *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).  Finally, Rule 8(b)(4) of the Rules Governing § 2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

**Ground One – State Law Evidentiary Issue of Hearsay**

The Magistrate Judge recommended this Court find Petitioner's first Ground for Relief not cognizable.  (Doc. 19, 1249).  Petitioner objects, arguing the state trial court's evidentiary decision under state evidentiary rules runs afoul to Federal Rule of Evidence 803(2).  Petitioner simply made the mistake of referring to a State evidentiary rule due to his pro se status.[4]  Finally, Petitioner claims that the harm the trial court caused rises to the level of a due process violation.

The Court agrees with the Magistrate Judge's recommendation.  Federal habeas relief is

---

[4] At the outset, Petitioner's pro se status is insufficient to excuse the alleged mistake. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

-5-

unavailable to retry state issues that do not rise to the level of a federal constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Nunez v. Brunsman*, 886 F. Supp. 2d 765, 769 (S.D. Ohio 2012) ("habeas relief is only available to correct violations of federal law"). State evidentiary errors, "especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus." *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983); *see also Wilson v. Sheldon*, 874 F.3d 470, 475 (6th Cir. 2017) ("With regard to evidentiary rulings, the standard for habeas relief is not easily met").  An evidentiary ruling "will be reviewed by a federal habeas court only if it were so fundamentally unfair as to violate the petitioner's due process rights." *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001).  Finally, a state claim does not transform into a federal constitutional violation merely from alleging a due process violation at the habeas level.  *See Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006).

Petitioner alleges that, by allowing the admission of M.H.'s note into evidence, the trial court violated the Confrontation Clause.  However, this is purely an issue of state law as Ohio evidentiary rules apply to state law procedure.  Petitioner cannot avoid this fact by pointing to a similar Federal Rule of Evidence.  Furthermore, the Court agrees with the Magistrate Judge in rejecting this argument.  M.H. testified at trial.  She was subject to cross-examination.  Defense counsel did in fact cross-examine M.H.  Accordingly, the trial court's evidentiary ruling was not so "fundamentally unfair as to violate Petitioner's due process rights."

Since Petitioner only presented an evidentiary state law issue, Petitioner's first Ground for Relief is non-cognizable.  Ground One is therefore dismissed.

**Ground Two – Sufficiency of Evidence**

With respect to Ground Two, the Magistrate Judge recommended that this Court find that the state appellate court applied the correct legal standard and its decision finding that the evidence was sufficient to support the rape conviction in Count One was not contrary to or an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979).  (Doc. 19, 1253).  Petitioner's objection is difficult to comprehend as he merely recites case law.  Essentially, Petitioner argues that the state did not meet its burden in establishing each element of Rape beyond a reasonable doubt.

The Court agrees that the appellate court articulated the appropriate standard of review. A conviction is supported by sufficient evidence if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson*, 443 U.S. at 319.  Here, the appellate court articulated the sufficiency of the evidence standard as "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *See Henry*, 2015-Ohio-5095, ¶ 9. Since the appellate court applied a state standard that is similar to *Jackson*, the Court affords the state decision great deference.  *Bey v. Bagley*, 500 F.3d 514, 520 (6th Cir. 2007).

The only way then that the Court may grant Petitioner's second Ground for Relief is if the state court's decision constituted an "unreasonable application" of clearly established Supreme Court precedent.  *Williams*, 529 U.S. at 411.  A prisoner cannot obtain habeas relief if the state court's decision, although wrong, was not objectively unreasonable.  *Bryan v. Bobby*,

843 F.3d 1099, 1106 (6th Cir. 2016). A decision is not unreasonable merely because it is incorrect or even clearly erroneous. *Id.* So long as *fairminded jurists* could disagree on the correctness of the state court's decision, it is not an unreasonable one. *Id.* The fairminded jurist standard is extremely deferential. *See Cullen v. Pinholster*, 563 U.S. 170, 188 (2011).

Here, the appellate court dedicated three paragraphs to Petitioner's sufficiency argument. The appellate court: established the proper precedent; cited the essential elements of the crime; and applied the facts to the essential elements. *See Henry*, ¶¶ 9-11. In applying the facts, the appellate court determined that the victim's testimony and the presence of a protein found in seminal fluid in the victim's vagina sufficient evidence to support a conviction for rape under R.C. 2907.02(A)(1)(b). *Id.* at ¶ 11.

The appellate court's application of the facts was not unreasonable. The Court agrees with the Magistrate Judge's determination that the victim's testimony alone is sufficient to support a conviction of rape. *Tucker v. Palmer*, 541 F.3d 652, 658-59 (6th Cir. 2008) (collecting cases holding same); *see also Glover v. Warden*, 2017 WL 8792664, at *2 (6th Cir. Oct. 11, 2017) (victim's testimony is sufficient to support a Rape conviction and Federal court will not engage in credibility assessments on habeas review). The presence of the seminal fluid in the victim's vagina further supports the conviction. These facts, when reviewed in totality and in light most favorable to the prosecution, support the appellate court's determination that Petitioner penetrated the victim.

Accordingly, the Court finds that there was sufficient evidence to support Petitioner's conviction under R.C. 2907.02(A)(1)(b) beyond a reasonable doubt. Ground Two is denied.

**Ground Three – Lesser Included Offense**

The Magistrate Judge determined that Ground Three is not cognizable in Federal habeas because "Petitioner is asserting an error of Ohio law and the Ohio appellate court wholly relied upon state law in addressing the assertion of trial court error in not instructing the jury on the lesser included offense of GSI." (Doc. 19, 1255).  Petitioner objects, highlighting similar factual disputes discussed in Ground Two.  Furthermore, Petitioner claims elsewhere he presented his claim as a Federal question.

The Court agrees with the Magistrate Judge.  The Sixth Circuit has held that "the failure to instruct [a jury] on lesser included offenses in noncapital cases...is not an error of such character and magnitude to be cognizable in federal habeas corpus review." *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990).  As the Magistrate Judge correctly articulated, the only question concerning jury instructions on federal habeas review is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle*, 502 U.S. at 72.

Thus, Petitioner's only hope of his Ground Three's survival is if he demonstrates that the failure to include the lesser included offense in his jury instructions infected the entire trial, thereby denying Petitioner's right to due process.  Petitioner has neither done so in his Objection nor his other papers.  With respect to Count One, Petitioner claims the victim's inconsistent testimony and the lack of DNA in the victim's vagina support the fact Petitioner did not penetrate the victim.  The Ohio appellate court determined that Petitioner was not entitled to an instruction on the lesser included offense of GSI because the swab of the vagina uncovered the

protein present in seminal fluid and Petitioner's counsel did not cross-examine the victim about the difference between penetration and contact.  These facts, coupled with the victim's testimony, demonstrate that a reasonable jury could have found Petitioner guilty on the charge of Rape.  The Magistrate Judge agreed and so does the Court.

Regarding Count Two, Petitioner claims there is a difference between "placing one's mouth on a female's genitals" and "licking [a female's genitals]," which is what the victim testified Petitioner did in this case.  The Court sees no difference in these two actions.  Thus, since a reasonable jury could have found Petitioner guilty of Rape by cunnilingus, Petitioner's request for a lesser included offense instruction fails.

Accordingly, the jury instructions here did not infect the entire trial to a point that violated Petitioner's due process rights.  Petitioner's Ground Three is not cognizable and is therefore dismissed.

**Ground Four – Sentencing and the "Trial Tax"**

The Magistrate Judge recommends the Court decline to review Ground Four because it is procedurally defaulted; it has not been reviewed on the merits by any Ohio state court; and the items relied upon by the Ohio appellate court are not present in the record before the Court.  (Doc. 19, 1258).  Petitioner again fails to lodge a specific objection.  Rather, he claims the "analysis presented in the [Report and Recommendation] falls short on Ground [Four]."  (Doc. 20, 1272).

The Court agrees with the Magistrate Judge.  The Court is sympathetic to Petitioner's argument – no one should be punished for exercising his or her right to trial.  The Magistrate

Judge agrees with this principle. However, the Magistrate Judge's recommendation and the Court's declination of review are based on procedural barriers.

A habeas petitioner must exhaust State court remedies prior to petitioning for a writ of habeas corpus in Federal court. 28 U.S.C. § 2254(b)-(c). Any claims not stated before State court while remedies are available or before procedural rules prevent state courts from reaching the merits of claims are procedurally defaulted and a Federal court may not consider the claims. *Seyomour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000). Absent either cause and prejudice or a finding of actual innocence, a Federal court will not reach the merits of claims that have been procedurally defaulted in State court by a State prisoner in his direct appeal. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *William v. Anderson*, 460 F.3d 789, 805-06 (6th Cir. 2006).

Here, Petitioner neglected to file a post-conviction motion with the State trial court as the appellate court instructed. Petitioner has not alleged sufficient cause and prejudice to overcome this barrier. Petitioner's contention that cause is satisfied because the Supreme Court of Ohio declined to exercise jurisdiction over Petitioner's appeal is incorrect. The Supreme Court of Ohio is a court of limited jurisdiction that does not entertain every case filed before it. The Supreme Court's declining to review Petitioner's claim is common. Petitioner could have filed the motion with the trial court as the appellate court suggested. That decision was not impacted by the Supreme Court of Ohio's lack of review of Petitioner's case.

Accordingly, Ground Four is dismissed.

## **CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's

Report and Recommendation; **DISMISSES** Grounds One, Three and Five as non-cognizable; **DISMISSES** Ground Four as procedurally defaulted; and **DENIES** Ground Two on its merits.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b); Rule 11 of Rule Governing § 2254 Cases.

**IT IS SO ORDERED.**

       s/ Christoper A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: September 11, 2019**